Filed 10/21/25  P. v. Clem CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B337135 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA070295) |
| v. | |
| TERRILL KEITH CLEM, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Strassner, Judge.  Affirmed.

Gloria C. Cohen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Noah P. Hill and Deepti Vaadyala, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

In 2017, Terrill Keith Clem (defendant) pled no contest to two counts of second degree robbery (Pen. Code, § 211)[1] and was sentenced to serve 17 years in state prison.  In 2024, the trial court conducted a full resentencing pursuant to section 1172.75,[2] struck a one-year prior prison term enhancement (former § 667.5, subd. (b)), and declined to otherwise reduce defendant's sentence. Defendant argues the trial court erred when it reimposed the upper term sentence that defendant originally received for one of his convictions.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.  Underlying Crimes[3]

On January 3, 2017, defendant approached a woman seated in her vehicle.  He held a gun to her face, ordered her out of the car, and demanded she give him the rings she was wearing. Defendant took a diamond ring worth $2,000, a wedding band worth $400, and a purse containing currency as well as other items.

The following day, defendant approached another woman

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Effective June 30, 2022, section 1171.1 was renumbered section 1172.75, with no substantive change.  (Stats. 2022, ch. 58, § 12; *People v. Burgess* (2022) 86 Cal.App.5th 375, 378, fn. 2.)  For simplicity, we refer to the section by its new numbering.

[3]     We draw these underlying facts from the probation report.

as she was getting into her car, pointed a gun in her face, threatened to "blow [her] fucking head off" if she did not "give [him her] fucking purse," and took her purse.

## II. Conviction and Sentencing

Defendant pled no contest to two counts of robbery (§ 211) with personal use of a firearm (§ 12022.5), and admitted that his 2013 robbery conviction constituted a prior "strike" within the meaning of our "Three Strikes" law (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(j)) as well as a conviction for which he had served a prior prison term (former § 667.5, subd. (b)).[4] The trial court sentenced defendant to an aggregate term of 17 years in state prison, comprised of a base term of 10 years for one robbery (an upper term of five years, doubled due to the prior strike), plus a consecutive two-year term for the second robbery (one-third the midterm sentence of three years, doubled due to the prior strike), plus a midterm sentence of four years for the firearm enhancement, plus one year for the prior prison term enhancement.

## III. Resentencing Proceedings

In 2022, the California Department of Corrections and Rehabilitation identified defendant as being potentially entitled to resentencing relief under Senate Bill No. 483 (2021-2022 Reg. Sess.). Through appointed counsel, defendant filed a motion for resentencing, asking the trial court to strike the one-year prior prison term enhancement and to conduct a resentencing hearing

---

[4] The People also charged defendant with two counts of being a felon in possession of a firearm (§ 29800, subd. (a)(1)) and giving false information to a peace officer (§ 148.9, subd. (a)), and alleged that his prior conviction constituted a prior serious felony (§ 667, subd. (a)), but the People dismissed those counts and allegations as part of the plea deal.

3

in which the court impose the middle term (rather than the upper term) for his robbery base term conviction, and impose the low term (rather than the middle term) on the firearm enhancement.

In its opposition, the People agreed that defendant was entitled to have his one-year prior prison term enhancement stricken but opposed further reduction of his sentence, citing "the extreme danger that defendant poses to public safety." In support, the People attached a list of prison rule violations committed by defendant, documenting a history of fighting, delaying police officer duties, possession of contraband, and disobeying orders.

At the resentencing hearing on March 7, 2024, the trial court resentenced defendant to a 16-year prison sentence. The court struck the one-year prior prison term enhancement, but declined to further reduce defendant's sentence after finding that the factors in aggravation (namely, that defendant's non-remote 2013 conviction involved the robbery of two elderly men, that defendant was on parole for that offense when he committed the robberies in this case, and that defendant had several rules violations while in custody) outweighed the factors in mitigation (namely, that defendant attended anger management and grief counseling in 2021 as well as a few other courses), and concluded that defendant was a danger to the public.

## IV. Appeal

Defendant timely appealed from his resentencing.

## DISCUSSION

Defendant argues that the trial court violated the Sixth Amendment in reimposing the upper term sentence on the robbery conviction used as the base term without having a jury

find the aggravating factors justifying that upper term.[5] Defendant forfeited this argument because he did not object to the trial court's use of the upper term, even after the court explained why he was not entitled to a jury finding of aggravating factors. (*People v. Scott* (1994) 9 Cal.4th 331, 356.) For the sake of completeness, we will nevertheless address the merits of his claim. We generally review sentencing decisions for an abuse of discretion (*People v. Moseley* (2024) 105 Cal.App.5th 870, 874), but review de novo any subsidiary questions of statutory interpretation (*People v. Terwilligar* (2025) 109 Cal.App.5th 585, 595).

Enacted in Senate Bill No. 483, section 1172.75 declares "legally invalid" nearly all previously imposed prior prison term enhancements, entitling eligible defendants to a "full resentencing" under the law as it exists at the time of resentencing, and may also present "postconviction factors" for consideration. (§ 1172.75, subds. (a), (d)(2)–(3); *People v. Monroe* (2022) 85 Cal.App.5th 393, 402; *People v. Carter* (2023) 97 Cal.App.5th 960, 966-967.) Section 1172.75 recognizes that under current law a "court may not impose a sentence exceeding the middle term unless" the "circumstances in aggravation that justify the imposition" of the upper term are either "stipulated to by the defendant" or "found true beyond a reasonable doubt at trial by the jury," but explicitly exempts resentencings under section 1172.75 from this aspect of current law if "the court originally imposed the upper term." (§ 1172.75, subd. (d)(4); *People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466-467; *People v. Mathis* (2025) 111 Cal.App.5th 359, 371-374.)

---

[5] Defendant does not challenge the imposition of the midterm sentence or the firearm enhancement.

Defendant urges us to follow *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 328, which construes the language in section 1172.75 as not creating an exemption for sentences that originally imposed the upper term.  (*Id.* at p. 330.)  Although the resolution of this split of authority is pending before our Supreme Court (see *People v. Eaton* (Mar. 14, 2025, C096853) [nonpub. opn.], review granted May 14, 2025, S289903), we in the interim find the reasoning of *Brannon-Thompson* and *Mathis* more persuasive.  We accordingly reject defendant's *Gonzalez*-based challenge to his new sentence.

### DISPOSITION

The trial court's order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.
HOFFSTADT


We concur:



_____, J.
MOOR



_____, J.
KIM (D.)